ORIGINAL

# In the United States Court of Federal Claims

No. 15-581C

Filed: December 10, 2015

FILED

DEC 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * **    *
                                      *
VICTOR OGUNNIYI,                      *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *
UNITED STATES,                        *
                                      *
              Defendant.              *
                                      *
* * * * * * * * * * * * * * * * **    *
```

Pro Se Plaintiff; Motion to
Dismiss; Lack of Subject Matter
Jurisdiction; Breach of Contract;
Third-Party Beneficiary.

Victor Ogunniyi, pro se, Lemon Grove, CA.

Reta E. Bezak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were Martin F. Hockey, Jr., Assistant Director, Robert E. Kirschman, Jr., Director, Commercial Litigation Branch, and Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C. Stephen Tobin, Naval Litigation Office, Office of the General Counsel, of counsel.

## ORDER

### HORN, J.

#### FINDINGS OF FACT

On June 8, 2015, plaintiff Victor Ogunniyi filed a pro se complaint in the United States Court of Federal Claims, in which he alleges a number of claims against the United States arising from a contract between his company, Commissioning Solutions Global LLC (CSG), and the United States Navy to provide lube oil flushing services. Plaintiff seeks "general, special and incidental damages in the full value of the contract sum" with interest, punitive damages, and declaratory relief for an alleged breach of contract and various tortious acts, which plaintiff asserts caused financial and personal hardship.

According to the parties' submissions and the Armed Services Board of Contract Appeals (ASBCA) decision issued on August 7, 2014, the Navy Southwest Regional Maintenance Center (SWRMC) awarded Contract No. N55236-13-D-0001 to CSG on November 1, 2012 for hydraulic/lube oil flush services on Navy vessels located within a 50-mile radius of San Diego, California. The contract included one base year and four one-year option periods with the period of performance to begin on the contract award date, November 1, 2012. The contract between the Navy and CSG was an indefinite-

quantity (IQ) type contract under which work would be ordered by the award of fixed-price delivery orders in accordance with Federal Acquisition Regulation (FAR) 52.216-18, Ordering (Oct. 1995); FAR 52.216-19, Ordering Limitations (Oct. 1995); and FAR 52.216-22, Indefinite Quantity (Oct. 1995). Each of these clauses was incorporated in full text into the contract. The guaranteed minimum amount on the contract was $3,000.00, and could be met through the issuance of one or more delivery orders within five years of the contract award. The contract clauses specifically stated that the government had no obligation to issue delivery orders to CSG beyond the minimum contract guarantee amount. Plaintiff has not alleged that defendant failed to meet the contract's $3,000.00 ordering requirement.

The parties' submissions show that this case has extensive procedural history. On February 13, 2014, CSG filed a certified claim with the SWRMC contracting officer for lost profits of $3,599,668.17, $1,000,000.00 to restore equipment to original functionality, and $5,000,000.00 for emotional stress, instability, and family reputation. The contracting officer issued a final decision on April 4, 2014 denying CSG's claim in its entirety. CSG appealed the contracting officer's final decision to the ASBCA on April 10, 2014.[1] In its appeal, CSG made numerous allegations concerning Contract No. N55236-13-D-0001 between CSG and the Navy, including that the contract was essentially a requirements contract such that the Navy was required to order any hydraulic/lube oil flush services on Navy vessels located within a 50-mile radius of San Diego, California from CSG and that the Navy failed to comply with this obligation, which allegedly resulted in a myriad of problems for plaintiff. In an August 7, 2014 decision, ASBCA Administrative Judge Lopes dismissed CSG's appeal because it failed to state a claim upon which relief could be granted. See Commissioning Solutions Global, LLC, A.S.B.C.A. No. 59254, 14-1 B.C.A. ¶ 35,695, 2014 WL 4073074 (Aug. 7, 2014). Judge Lopes held that, even assuming all of plaintiff's allegations to be true, such facts still could not constitute a breach of contract because the contract was an IQ type contract, the Navy was not prohibited from ordering hydraulic/lube oil flush services from other parties, and the Navy had no contractual obligation to order work from CSG so long as it satisfied the $3,000.00 minimum. See id. Administrative Judge Lopes further held that the appropriate time for CSG to argue that the contract should have been a requirements type contract was before the contract was awarded, therefore, CSG's argument was untimely. See id.

CSG appealed the ASBCA's decision to the United States Court of Appeals for the Federal Circuit. On December 2, 2014, in a brief, non-precedential Order, the Federal Circuit dismissed the appeal in accordance with Federal Circuit Rules 47.3 and 52(a)(1) (2014) for failure to file the required Entry of Appearance form by an attorney admitted to the bar of the court, and failure to pay the docketing fee. See Commissioning Solutions Global LLC v. Mabus, 14-1817 (Fed. Cir. Dec. 2, 2014). CSG then submitted what was

---

[1] Plaintiff's first submission to the ASBCA was dismissed without prejudice for failure to state a sum certain. See Commissioning Solutions Global, LLC, A.S.B.C.A. No. 59007-945, 14-1 B.C.A. ¶ 35,523, 2014 WL 641322 (Feb. 5, 2014). Plaintiff subsequently filed a claim with a sum certain to the SWRMC contracting officer, which was denied, and plaintiff appealed the contracting officer's final decision to the ASBCA.

construed as a motion for reconsideration of the court's earlier dismissal of plaintiff's appeal. Again, in a brief, non-precedential Order, the Federal Circuit denied the motion for reconsideration because CSG still had not filed an attorney's Entry of Appearance or paid the docketing fee. See Commissioning Solutions Global LLC v. Mabus, 14-1817 (Fed. Cir. March 19, 2015).

Subsequently, plaintiff filed a complaint in this court. Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC) (2015). In a footnote, defendant stated:

> Mr. Ogunniyi names himself as plaintiff in this suit rather than CGS [sic]. This may be an attempt to avoid this Court's Rule 83.1(a)(3), which prohibits a pro se litigant from representing a corporation (the Federal Circuit cited failure to abide by a similar rule as part of its decision to dismiss CSG's appeal). Further, although Mr. Ogunniyi is the "Sole Owner" of CSG, the contract he alleges the Government breached was between the Navy and CSG. Accordingly, CSG is the proper plaintiff in this case.

(internal citations omitted). Defendant also argued that, "although Mr. Ogunniyi names himself as plaintiff in the suit before this Court, his claims surround an alleged breach of contract to which CSG and not Mr. Ogunniyi was a party." Thereafter, this court issued an Order requiring the parties to address the issue of the proper party plaintiff, whether Mr. Ogunniyi is in privity of contract with the United States, as required by the Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), and whether Mr. Ogunniyi was an intended third party beneficiary to CSG's contract. In accordance with the Order, defendant submitted additional briefing arguing that "Mr. Ogunniyi is not in privity of contract with the United States; therefore, his claims of breach of contract on behalf of CSG should be dismissed." Defendant further argued that Mr. Ogunniyi was not a third-party beneficiary. Plaintiff, however, responded that "[t]he Plaintiff via his company (CSG) has expressed and implied [sic] contract with the United States" thus he has "both direct privity and third-party beneficiary status."

## DISCUSSION

The court recognizes that plaintiff has expended a great deal of effort to develop his lengthy complaint. Nonetheless, in order for his case to proceed in this court, he must be able to establish that this court has jurisdiction. The court also recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir. 2015), cert.

denied 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253).

As a threshold issue, RCFC 83.1(a)(3) provides that an "individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any other proceeding before this court." RCFC 83.1(a)(3) (2015). In his complaint, plaintiff describes "Commissioning Solutions Global LLC" as "a small engineering and technical services company." Defendant argues that "to the extent that Mr. Ogunniyi does seek to represent CSG, this Court's rules do not permit him to do so." The parties do not dispute that plaintiff is trying to pursue his case in this court pro se or that CSG is a corporate entity. In accordance with RCFC 83.1(a)(3), plaintiff cannot represent the interests of CSG before this court because he is not an attorney admitted to the bar of this court. In his complaint and his subsequent submissions to the court, plaintiff confuses and conflates himself and his company, CSG. Plaintiff goes so far as to assert that "Victor Ogunniyi and Commissioning Solutions Global/CSG are one in the same." Plaintiff and CSG, however, are separate under the law, and plaintiff cannot cloak himself as CSG in order to assert a claim for damages against the United States. The court also notes that in plaintiff's prior appeals to the ASBCA and the Federal Circuit, CSG was the named plaintiff. See Commissioning Solutions Global, LLC, A.S.B.C.A. No. 59254, 14-1 B.C.A. ¶ 35,695, 2014 WL 4073074. To the extent that Mr. Ogunniyi's complaint is a veiled attempt to allow him to argue on behalf of CSG and seek essentially a second appeal or review of the contracting officer's decision against CSG, under RCFC 83.1(a)(3), absent a notice of appearance filed by an attorney admitted to this court, plaintiff's complaint must be dismissed. Since no such notice of appearance has been filed, this court cannot proceed to adjudicate plaintiff's case, which is in fact a claim for an alleged violation of the contract with CSG.

In addition, it is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630

(2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1346 ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006); see also Avid Identification Sys., Inc. v. Crystal Import Corp., 603 F.3d 967, 971 (Fed. Cir.) ("This court must always determine for itself whether it has jurisdiction to hear the case before it, even when the parties do not raise or contest the issue."), reh'g and reh'g en banc denied, 614 F.3d 1330 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 909 (2011).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

Plaintiff asserts that this court has jurisdiction "to enter judgement [sic] in government contract cases," and this jurisdiction "has empowered this Court to hear the Plaintiff's case as further described in **28 U.S.C. § 1491**. It is also part of the Due Process to ensure that the Contract Disputes Act (CDA) 41 U.S. Code § [sic] is honored and respected." (emphasis in original). In a later submission, plaintiff states: "[t]he Plaintiff's case has been presented on the Tucker Act and not on CDA." Plaintiff also states:

> (Victor Ogunniyi) as Chief Executive Officer and President of CSG, and, as Senior Officer and as individual, did in fact enter into an express and implied Contract with the United States, by the execution of a CIS [Commercial Industrial Services] Contract in October 2012; therefore, both Victor and CSG are DIRECT Beneficiaries to any Ruling and Judgment handed down by this Honorable Court.

(capitalization in original). Plaintiff's statements as to the jurisdiction of this court demonstrate his confusion.

Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because Mr. Ogunniyi is not in privity of contract with the United States and should not be allowed to assert his breach of contract claim. Defendant also asserts that Mr. Ogunniyi is not a third party beneficiary who can sue the United States for breach of contract despite the absence of privity.

As stated in the Tucker Act, 28 U.S.C. § 1491(a)(1), privity of contract between a plaintiff and the United States government is required to bring a cause of action in the United States Court of Federal Claims for express and implied contracts. See Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998) ("Under the Tucker Act, the Court of Federal Claims has jurisdiction over claims based on 'any express or implied contract with the United States.' 28 U.S.C. § 1491(a)(1) (1994). We have stated that '[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government.' Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990)."), cert. denied, 528 U.S. 820 (1999); see also Estes Exp. Lines v. United States. 739 F.3d 689, 693 (Fed. Cir. 2014); Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (The "government consents to be sued only by those with whom it has privity of contract."); S. Cal. Fed. Sav. & Loan Ass'n v. United States, 422 F.3d 1319, 1328 (Fed. Cir.) ("A plaintiff must be in privity with the United

States to have standing to sue the sovereign on a contract claim," but noting exceptions to this general rule (citing Anderson v. United States, 344 F.3d 1343, 1352 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2003))); United States v. Algoma Lumber Co., 305 U.S. 415, 421 (1939))), reh'g and reh'g en banc denied (Fed. Cir. 2005), cert. denied, 548 U.S. 904 (2006); Erickson Air Crane Co. of Wash. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract.").[2]

Although plaintiff argues that there is an express and implied contract between himself and defendant, plaintiff's allegations rest on his idea that he and CSG, as he states, are "one in the same," a theory that is not viable in this court. The parties do not dispute that there is a contract between the United States and CSG, however, as previously noted, CSG is not a plaintiff in the above captioned case and Mr. Ogunniyi is prohibited from representing CSG under RCFC 83.1(a)(3). In entering into Contract No. N55236-13-D-0001 for hydraulic/lube oil flush services, privity of contract was created between CSG and the United States, not between Mr. Ogunniyi and the United States, regardless of his role in the company. Accordingly, without privity of contract, plaintiff's complaint must be dismissed unless plaintiff can demonstrate that he is a third party beneficiary of the contract.

"This Court has recognized limited exceptions to [the privity rule] when a party standing outside of privity 'stands in the shoes of a party within privity.'" See Sullivan v. United States, 625 F.3d 1378, 1380 (Fed. Cir. 2010) (quoting First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999), reh'g en banc denied (Fed. Cir. 2000)). A party lacking privity with the United States may be able to sue the federal government, however, if it can demonstrate that it is an intended third-party beneficiary of a contract with the United States. See Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d at 1056 ("A plaintiff lacking privity of contract can nonetheless sue for damages under that contract if it qualifies as an intended third-party beneficiary."); Alpine Cnty., Cal. v. United States, 417 F.3d 1366, 1368 (Fed. Cir. 2005) ("In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third-party beneficiary status."); Anderson v. United States, 344 F.3d at 1352 ("Without either direct privity or third-party beneficiary status, the Paul sons lack standing to sue the government and cannot therefore recover damages from the United States."); Nelson Const. Co. v. United States, 79 Fed. Cl. 81, 95 (2007); Entergy Nuclear Indian Point 2, LLC v. United States, 64 Fed. Cl. 515, 523 (2005) ("To have standing to bring a breach of contract claim,

---

[2] As stated in this court's August 21, 2015 Order, in order for this court to have jurisdiction under the Tucker Act, the party seeking relief must be in privity of contract with the government. See Winter v. FloorPro, Inc., 570 F.3d 1367, 1372 (Fed. Cir. 2009). A party lacking privity with the United States may be able to sue the federal government, however, if it can demonstrate that it is an intended third-party beneficiary of a contract with the United States. See Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1056 (Fed. Cir.), cert. denied, 133 S. Ct. 126 (2012).

plaintiffs must also be in privity of contract with the government or a third party beneficiary of a contract with the government."); O. Ahlborg & Sons, Inc. v. United States, 74 Fed. Cl. 178, 188 (2006) ("The third-party beneficiary exception exists to cover situations in which the subcontractor 'stands in the shoes of a party with privity.'" (quoting First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)). But see Chancellor Manor v. United States, 331 F.3d 891, 901 (Fed. Cir. 2003) (holding that "Appellants could establish privity of contract if they are intended third-party beneficiaries of a contract with the United States . . . ." (citing First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)); Stockton E. Water Dist. v. United States, 70 Fed. Cl. 515, 526 (2006) ("One method of 'establish[ing] privity of contract [is] if [plaintiffs] are intended third-party beneficiaries of a contract with the United States . . . .'" (quoting Chancellor Manor v. United States, 331 F.3d at 901)) (modifications in original), judgment entered, 75 Fed. Cl. 321, modifying in part, 76 Fed. Cl. 470, reconsideration denied, 76 Fed. Cl. 497 (2007), rev'd on other grounds, 583 F.3d 1344 (Fed. Cir. 2009), partial reh'g granted, 638 F.3d 781 (Fed. Cir. 2011); Klamath Irrigation Dist. v. United States, 67 Fed. Cl. 504, 532 ("Such privity would exist if the irrigators are properly viewed as third-party beneficiaries to the district contracts." (citing Chancellor Manor v. United States, 331 F.3d at 901, and First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d at 1289)), modifying order, 68 Fed. Cl. 119, denying certification of interlocutory appeal, 69 Fed. Cl. 160 (2005). "In order to prove third party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly." Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir. 2001).

Defendant asserts that the "complaint does not allege any basis upon which any benefit was owed to Mr. Ogunniyi, individually, under the contract, nor does any clause of the contract reflect an intention to so benefit him." Defendant argues further that "any benefit to Mr. Ogunniyi under the contract stems incidentally from his position as owner of the contracting company, not as a separate beneficiary." Plaintiff, however, asserts that defendant knew about the relationship between himself and CSG. Despite defendant's alleged knowledge about the relationship between plaintiff and CSG, plaintiff has failed to establish that there is any language in the contract that reflects an intention to benefit Mr. Ogunniyi directly. The parties' submissions demonstrate that the contract was entered into so that CSG would provide the services agreed to under the contract. Accordingly, because plaintiff did not have privity of contract with the United States and was not an intended third-party beneficiary of Contract No. N55236-13-D-0001 for hydraulic/lube oil flush services, plaintiff's breach of contract allegations also must be dismissed for lack of jurisdiction.

Plaintiff makes a number of other allegations sounding in tort that stem from or are related to the alleged breach of contract, including: potential fraud and conspiracy; unfair competition and discrimination with gouging; intentional destruction of a small business entity; reckless misuse of tax payers' money; intentional misrepresentation of facts; compromising the Navy mission; and, destruction of property, staffing and heightened stress. To the extent that these allegations in plaintiff's complaint are separate from plaintiff's allegations of breach of contract, the allegations are dismissed because this court does not possess jurisdiction over claims that sound in tort. See 28 U.S.C. § 1491(a)

("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. at 238; Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), reh'g denied (Fed. Cir.) cert. denied, 552 U.S. 1050 (2007) ; Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006).  Therefore, to the extent any of plaintiff's claims sound in tort, those claims must be dismissed.

Finally, in addition to the fact that plaintiff is not able to represent CSG pro se, plaintiff is not in privity with the United States, nor is plaintiff an intended third-party beneficiary of CSG's contract with the Navy, and is, therefore, unable to pursue the above captioned suit in this court, CSG's decision initially to appeal the contracting officer's April 4, 2014 final decision to the ASBCA foreclosed Mr. Ogunniyi's or CSG's ability to bring a suit based on the same contract and claim in this court according to the election doctrine included in the Contracts Disputes Act (CDA). See 41 U.S.C. § 7104 (2012). The CDA established an exclusive dispute-resolution mechanism for "any express or implied contract . . . made by an executive agency" for four types of contracts, including those made for "the procurement of services." 41 U.S.C. § 7102(a)(2) (2012). The CDA provides that a contractor making a claim against the federal government based on a contract with the United States first shall submit its claim, in writing, to the contracting officer responsible for that contract. See 41 U.S.C. § 7103(a) (2012). If the contracting officer renders a final decision adverse to a contractor's claim, the contractor may appeal that decision to the relevant agency Board within ninety days of receiving it. See 41 U.S.C. § 7104(a). Alternatively, "in lieu of appealing the decision of a contracting officer . . . to an agency board, the aggrieved contractor may bring an action directly on the claim in the United States Court of Federal Claims," 41 U.S.C. § 7104(b)(1), so long as that action is brought within twelve months of the contractor's receipt of the adverse contracting officer's final decision.  See 41 U.S.C. § 7104 (b)(3).

While the CDA offers contractors a choice of forums in which to appeal an adverse contracting officer's final decision, once a contractor has decided between appealing to the relevant agency Board or bringing a suit in this court, the contractor is precluded from bringing the same claim in the alternative forum, so long as the plaintiff's choice was informed, knowing, and voluntary and the forum chosen has jurisdiction. See Bowers Inv. Co., LLC v. United States, 695 F.3d 1380, 1383 (Fed. Cir. 2012), Bonneville Assocs. v. United States, 43 F.3d 649, 655 (Fed. Cir. 1994) (citing Mark Smith Constr. Co. v. United States, 10 Cl. Ct. 540, 544 (1986)). According to the United States Court of Appeals for the Federal Circuit:

It is well established that, pursuant to the Contract Disputes Act, a contractor wishing to contest an adverse final decision by the contracting officer either may appeal the contracting officer's adverse decision to the appropriate board of contract appeals or may contest the contracting officer's decision directly to the Claims Court [Court of Federal Claims]. This choice has given rise to a body of jurisprudence known as the "Election Doctrine."       …

Once a contractor makes a binding election under the Election Doctrine to appeal the contracting officer's adverse decision to the appropriate board of contract appeals, that election must stand and the contractor can no longer pursue its claim in the alternate forum. Under the Election Doctrine, the binding election of forums is an "either-or" alternative, and, as such, does not provide a contractor with dual avenues for contesting a contracting officer's diverse decision.

Nat'l Neighbors, Inc. v. United States, 839 F.2d 1539, 1541-42 (Fed. Cir. 1988) (citing Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. 354, 361, 656 F.2d 644, 647, 649 (1981)) (footnote omitted). This rule was reiterated in Texas Health Choice, L.C. v. Office of Personnel Management, in which the Federal Circuit stated:

The CDA provides alternative forums for challenging a [contracting officer's] final decision: a contractor may file an appeal with the appropriate board of contract appeals, 41 U.S.C. § 606 (1988), or appeal directly to the Court of Federal Claims, 41 U.S.C. § 609(a)(1) (Supp. V 1993). Courts have consistently interpreted the CDA as providing the contractor with an either-or choice of forum.

Texas Health Choice, L.C. v. Office of Pers. Mgmt., 400 F.3d 895, 899 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2005); see also Palafox St. Assocs., L.P. v. United States, 122 Fed. Cl. 18, 26 (2015) ("Pursuant to the election doctrine, once a contractor chooses the forum in which to lodge its appeal, the contractor's choice is binding, and the contractor is no longer able to pursue its appeal in the alternate forum." (citing Nat'l Neighbors, Inc. v. United States, 839 F.2d at 1542)); Bowers Inv. Co v. United States, 104 Fed. Cl. 246, 254 (2011), aff'd, 695 F.3d 1380 (Fed. Cir. 2012); Paradigm Learning, Inc. v. United States, 93 Fed. Cl. 465, 474 (2010) ("Thus, if a contractor makes an informed, knowing, and voluntary decision to pursue its appeal in another forum with jurisdiction over the appeal, the Court of Federal Claims is required to dismiss a subsequently filed appeal concerning the same claim for lack of jurisdiction." (citing Bonneville Assocs. v. United States, 43 F.3d at 655)); Am. Telecom Corp. v. United States, 59 Fed. Cl. 467, 471 (2004) ("The 'in lieu of' language in section 609(a) clearly indicates that the contractor has a choice of forums but does not allow the contractor to pursue its claims before both forums." (citing Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. at 361, 656 F.2d at 649)). For a complainant's choice of forum to bar subject matter jurisdiction in the unselected forum, the reviewing forum must have had jurisdiction over the original claims. See Bonneville Assocs., Ltd. P'shp. v. Barram, 165

F.3d 1360, 1362 (Fed. Cir.) (citing Bonneville Assocs. v. United States, 43 F.3d at 653), cert. denied, 528 U.S. 809 (1999).

The contracting officer's final decision, dated April 4, 2014, informed CSG and Mr. Ogunniyi that he could choose to appeal the decision to the ASBCA within ninety days or, in lieu of appealing the contracting officer's decision to the ASBCA, he could "bring an action directly on the claim in the United States Court of Federal Claims." This demonstrates that the subsequent decision by CSG to appeal to the ASBCA was informed, knowing, and voluntary. See Bonneville Assocs. v. United States, 43 F.3d at 655 (citing Bonneville Assocs. v. United States, 30 Fed. Cl. 85, 90 (1993)); Palafox St. Assocs., L.P. v. United States, 114 Fed. Cl. 773, 788 (2014) (holding that the contracting officer's communication to the plaintiff of his options for appeal under the CDA supported a finding that plaintiff's subsequent decision to appeal to the CBCA was informed, knowing, and voluntary). CSG filed its appeal of the contracting officer's April 4, 2014 decision on April 10, 2014 with the ASBCA. The ASBCA appropriately exercised its jurisdiction over the appeal and issued a decision on August 7, 2014 denying CSG's claim.

Separate lawsuits can only be maintained at the appropriate Board of Contract Appeals and the Court of Federal Claims so long as the suits are based on different claims. See Phillips/May Corp. v. United States, 524 F.3d 1264, 1272 (Fed. Cir. 2008) ("The presumption that claims arising out of the same contract constitute the same claim for res judicata purposes may be overcome by showing that the claims are unrelated."); Placeway Const. Corp. v. United States, 920 F.2d 903, 907 (Fed. Cir. 1990) ("To determine whether two or more separate claims, or only a fragmented single claim, exists, the court must assess whether or not the claims are based on a common or related set of operative facts."); Affiliated Const. Grp. v. United States, 115 Fed. Cl. 607, 612 (2014); BRC Lease Co. v. United States, 93 Fed. Cl. 67, 72 (2010) (holding that if separate contracting officer decisions were based on substantially the same facts, the election doctrine barred their appeal to separate forums (citing Glenn v. United States, 858 F.2d 1277, 1280 (Fed. Cir. 1988))). In the present case, it is evident that the claims advanced by Mr. Ogunniyi in this court are based on Contract No. N55236-13-D-0001, entered into between CSG and the Navy, and are substantially identical to those included in the appeal to the ASBCA. All of plaintiff's claims, before the ASBCA and this court, stem from the same allegation that, under the contract, the Navy was required to order any hydraulic/lube oil flush services on Navy vessels located within a 50-mile radius of San Diego, California from CSG and, in failing to do so, the Navy allegedly breached the contract. As the ASBCA already has considered and denied CSG's appeal from the contracting officer's final decision, this court is precluded from reconsidering the matter, and Mr. Ogunniyi's claim in this court must be dismissed for this reason as well.

## CONCLUSION

For all of the many reasons discussed above, defendant's motion to dismiss is **GRANTED**.    Plaintiff's complaint is not properly before this court and must be **DISMISSED**.  The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.


**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**