# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 7/12/16

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

No costs were taxed in this appeal.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court


16-1578 - Ogunniyi v. US
United States Court of Federal Claims, Case No. 1:15-cv-00581-MBH

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR OGUNNIYI,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1578

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00581-MBH, Judge Marian Blank Horn.

---

Decided: July 12, 2016

---

VICTOR OGUNNIYI, Lemon Grove, CA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Victor Ogunniyi brought contract and tort claims against the United States based on a 2012 contract between the United States and Mr. Ogunniyi's company. The Court of Federal Claims dismissed for lack of jurisdiction. Because the Court of Federal Claims cannot hear tort claims, and because Mr. Ogunniyi was neither a party nor a third-party beneficiary of the 2012 contract, we affirm.

I

On June 8, 2015, Mr. Ogunniyi filed a *pro se* complaint in the Court of Federal Claims alleging that the United States Navy breached a contract formed in late 2012 with Commissioning Solutions Global LLC, a Louisiana limited liability company (the Company), for oil flushing services (the 2012 Contract). The complaint also alleged that the United States committed several torts, including fraud, conspiracy, unfair competition, and intentional misrepresentation.

On December 10, 2015, the Court of Federal Claims dismissed all claims. It held that Mr. Ogunniyi could not pursue his contract claims because he did not personally contract with the Navy, nor did the 2012 Contract render him a third-party beneficiary. The court dismissed the remaining claims as sounding in tort, and thus not within the Tucker Act's jurisdictional grant. The Court of Federal Claims found in the alternative that it lacked jurisdiction because Mr. Ogunniyi (or the Company) had already appealed the same claims to the Armed Services Board of Contract Appeals. Mr. Ogunniyi moved for reconsideration, which the court denied on January 19, 2016. This appeal followed.

II

"We review de novo the Court of Federal Claims' grant of a motion to dismiss for lack of subject matter

jurisdiction." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). Under the Tucker Act, the Court of Federal Claims may hear "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Ordinarily, "[t]o maintain a cause of action under the Tucker Act based on a contract, [a plaintiff] must show that there is a contract directly between [him]self and the Government[.]" *Estes Express Lines v. United States*, 739 F.3d 689, 693 (Fed. Cir. 2014). A plaintiff may also sue as a third-party beneficiary, but only if the contract "reflects the express or implied intention . . . to benefit the party *directly*." *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1056 (Fed. Cir. 2012) (quoting *Glass v. United States*, 258 F.3d 1349, 1354 (Fed. Cir.)*, opinion amended on reh'g*, 273 F.3d 1072 (Fed. Cir. 2001)).

The Court of Federal Claims correctly concluded that the complaint alleged a contract formed between the United States and the Company, not Mr. Ogunniyi. Mr. Ogunniyi's argument that he has "privity of contract [with the Navy] inherent in his capacity as the sole owner of" the Company is wrong; the Company and Mr. Ogunniyi are not legally identical entities (absent certain exceptions not implicated here). Appellant's Br. at 23; *see* La. Stat. Ann. § 12:1320 ("A member . . . of a limited liability company is not a proper party to a proceeding by or against a limited liability company. . . ."); *FDIC v. United States*, 342 F.3d 1313, 1319 (Fed. Cir. 2003) ("Neither [the government's] knowledge, . . . [n]or the [plaintiffs'] position as stockholders in Karnes, made them parties to those arrangements. A shareholder generally does not have standing to assert a breach of contract claim on behalf of the corporation."). The trial court also correctly

concluded that Mr. Ogunniyi's allegations that he owned the Company and represented it in its dealings with the Navy do not establish that the parties intended him as a direct beneficiary of the 2012 Contract. *See S. Cal. Fed. Sav. & Loan Ass'n v. United States*, 422 F.3d 1319, 1332 (Fed. Cir. 2005) ("Having chosen to limit their personal liability by adopting a corporate form, we have refused to allow shareholders to rely on their involvement in the negotiation process [with a government contract] . . . to alter their chosen legal status."); *FDIC*, 342 F.3d at 1320 (stockholder status insufficient to confer third-party beneficiary rights). And Mr. Ogunniyi is "not [a] third party beneficiar[y] merely because the contract would benefit [him]." *FDIC*, 342 F.3d at 1319. Accordingly, the Court of Federal Claims correctly found that it lacked jurisdiction over Mr. Ogunniyi's contract claims.

The trial court was also correct to dismiss the remaining tort claims because "[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see* 28 U.S.C. § 1491(a)(1) (the Court of Federal Claims has jurisdiction over claims against the United States "not sounding in tort").

In light of the foregoing, we need not address whether the court also lacked jurisdiction because Mr. Ogunniyi or the Company had presented the same claims to the Armed Services Board of Contract Appeals. Because the Court of Federal Claims properly found that it lacked jurisdiction over all of Mr. Ogunniyi's claims, we affirm.[1]

---

[1] Appellant submitted a "Motion To Submit Transcripts" on March 28, 2016. We construe that as a motion to take judicial notice of the record in the trial court and, hereby, grant the motion.

OGUNNIYI v. US                                                                 5

## **AFFIRMED**

No costs.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMATION SHEET

## FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

> **Clerk**
> **Supreme Court of the United States**
> **1 First Street, NE**
> **Washington, DC 20543**
> **(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for rehearing appropriate?*

A. Petitions for rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for rehearing is not appropriate. A petition for rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for rehearing to be appropriate. Counsel seeking rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for hearing or rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merit panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a suggestion for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow identifiable decisions of the U.S. Supreme Court or Federal Circuit precedential opinions or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for rehearing granted by merits panels or petitions for rehearing en banc accepted by the court?*

A. The data regarding petitions for rehearing since 1982 shows that merits panels granted some relief in only three percent of the more than 1900 petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions were accepted less frequently, in only 16 of more than 1100 requests. Historically, the court itself initiated en banc review in more than half (21 of 37) of the very few appeals decided en banc since 1982. This sua sponte, en banc review is a by-product of the court's practice of circulating every precedential panel decision to all the judges of the Federal Circuit before it is published. No count is kept of sua sponte, en banc polls that fail to carry enough judges, but one of the reasons that virtually all of the more than 1100 petitions made by the parties since 1982 have been declined is that the court itself has already implicitly approved the precedential opinions before they are filed by the merits panel.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals. As a matter of interest, very few petitions for certiorari from Federal Circuit decisions are granted. Since 1982, the U.S. Supreme Court has granted certiorari in only 31 appeals heard in the Federal Circuit. Almost 1000 petitions for certiorari have been filed in that period.

July 21, 2008